IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JEFFREY LONDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4417-CV-C-NKL |
| | ) | |
| BOARD OF GOVERNORS OF MISSOURI | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LORENE STONE, BRUNO SCHMIDT, | ) | |
| RYAN GIEDD, RHONDA RIDINGER and | ) | |
| JOHN F. BLACK, in their Official and | ) | |
| Individual Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Pending before the Court is Defendants Board of Governors of Missouri State University, Lorene Stone, Bruno Schmidt, Ryan Giedd, Rhonda Ridinger and John Black's (collectively, "Missouri State University") Motion for Transfer of Venue [Doc. # 22] in which Missouri State University asks that this action be transferred from the Court's Central Division to its Southern Division. For the reasons stated herein, the Motion will be denied.

## I.       Procedural Background

1

On November 9, 2005, Plaintiff Jeffrey London ("London") filed this action in the Circuit Court of Cole County, Missouri. On December 16, 2005, Missouri State University removed the case to the Central Division of the United States Court for the Western District of Missouri. Ten months later, Missouri State University filed the instant motion to transfer the case to the Southern Division.

## II.  Discussion

### A.  28 U.S.C. § 1441(a) and Local Rule 3.2(b)(2)

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case for which the district courts of the United States have original jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending." London filed his cause of action in the Circuit Court of Cole County, Missouri. Thus, Missouri State University properly removed the case to the United States District Court for the Western District of Missouri, Central Division.

Missouri State University cites Local Rule 3.2(b)(2) in support of its Motion for Transfer of Venue. When an action involves multiple defendants, Local Rule 3.2(b)(2) dictates the following:

> **Multiple Defendants.** All actions brought against multiple defendants all of whom reside in the same division must be brought in that division, or in the division where the claim for relief arose. If at least two of the defendants reside in different divisions, such action shall be filed in any division in which one or more of the defendants reside, or where the claim for relief arose.

Missouri State University represents that all of the Defendants reside in the Southern Division of the Western District of Missouri. Missouri State University further

2

represents that Plaintiff's claim for relief arose in the Southern Division of the Western District of Missouri. Local Rule 3.2(b)(2), however, does not apply to causes of action removed from the state court. Section 1441(a) governs venue in those cases and the local rules cannot contradict an express provision of Congress. Local Rule 3.2(b)(2), which deals only with proper venue for cases filed initially in federal court, does not require that this action be transferred to the Southern Division.

### B. 28 U.S.C. § 1404(a) and the Interest of Justice

The Court may transfer a civil action to any other district or division where it might have been brought if such transfer furthers the interest of justice or is more convenient for the parties or witnesses. 28 U.S.C. § 1404(a). Federal courts, however, give considerable deference to the plaintiff's choice of forum. *Terra Int'l., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). In this case, Missouri State University bears the burden of proving that a transfer is warranted. *Id.* (noting that the party seeking a transfer bears the burden of proving that a transfer is warranted).

London filed this lawsuit in the Circuit Court of Cole County, Missouri, which is in the Central Division. Missouri State University has shown that transfer to the Southern Division would be more convenient for it and its witnesses. However, London will be inconvenienced if this Motion is granted. London's attorney lives and works in the Central Division. If this action is transferred to the Southern Division, London will incur significantly greater attorney time and travel expenses. In addition, London would have to purchase his own hotel accommodation in the Southern Division rather than staying

3

with his attorney in the Central Division.  Given the considerable deference to Plaintiff's choice of forum, the Court declines to transfer the case to the Southern Division.  In reaching its conclusion, the Court has considered the fact that discovery is already closed and dispositive motions are soon due.  Also, the Motion to Transfer was not filed until ten months after the case came to the federal court.

Given that this is a bench trial, witnesses may appear by deposition and the parties might also consider the use of video conferencing.  They should contact my Courtroom Deputy to discuss available technology.

## III. Conclusion

Accordingly, Missouri State University's Motion for Transfer of Venue [Doc. # 22] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 12, 2006
Jefferson City, Missouri